**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arturo A. Canez,                        ) | No. 12-CV-2232-PHX-PGR (SPL) |
|                         Petitioner,     ) | |
| v.                                      ) | **ORDER** |
| Charles L. Ryan, et. al.,               ) | |
|                         Respondents.    ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Logan (Doc. 32), which addresses Petitioner's First Amended Petition for Writ of Habeas Corpus, filed February 25, 2013, pursuant to 28 U.S.C. § 2254 (Doc. 12). Petitioner filed objections to the Report and Recommendation. (Doc. 34.)

Magistrate Judge Logan recommends that the Court deny the petition as barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A). Magistrate Judge Logan concludes that Petitioner is not eligible for statutory or equitable tolling. Having reviewed the matter *de novo*, the Court will adopt the Report and Recommendation.

Petitioner's convictions and sentences became final on October 7, 2011.[1] The limitations period was statutorily tolled until April 29, 2011, when Petitioner's timely-filed

---

[1] On September 10, 2007, the Arizona Court of Appeals affirmed Petitioner's life sentence for first-degree murder. *State v. Canez*, 2007 WL 5595966 (App. 2007). Petitioner's conviction became final 30 days later. *See* Ariz. R. Crim. P. 31.19(a)

petition for postconviction relief was denied. (Doc. 20-2, Ex. P.) Petitioner filed his petition for habeas corpus relief on October 18, 2012 (Doc. 1), nearly six months after the limitations period expired.

For the reasons set forth in the Report and Recommendation, Petitioner's argument for additional statutory tolling fails because after April 29, 2011, no timely petition for review was pending. (*See* Doc. 32 at 14–15; Doc. 20-2, Ex. R.) Petitioner's arguments for equitable tolling fail to meet the exceptionally high burden required for a showing that he had been "pursuing his rights diligently" and that "some extraordinary circumstances stood in [his] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418–19 (2005); *see, e.g.*, *Law v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Finally, Petitioner's actual innocence argument fails because it is not supported by new evidence showing factual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Logan's Report and Recommendation (Doc. 32) is **accepted** and **adopted** by the Court.

IT IS HEREBY ORDERED that Petitioner's First Amended Petition for Writ of Habeas Corpus is **dismissed** and **denied** with prejudice. (Doc. 12.)

IT IS FURTHER ORDERED **denying** a Certificate of Appealability and **denying** leave to proceed *in forma pauperis* on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED **granting** Petitioner's motion for an extension of the deadline for responding to the Report and Recommendation. (Doc. 12.)

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 12th day of June, 2014.

Paul G. Rosenblatt
United States District Judge